FILED

2014 Mar-28  PM 04:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **QCC, INC., D/B/A COOPER CONSTRUCTION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.: 2:13-cv-01651-LSC** |
| ) | |
| **SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFFS' THIRD AMENDED COMPLAINT

COME NOW Plaintiffs Joseph Cooper and QCC, Inc., d/b/a Cooper Construction, and, pursuant to this Court's March 24, 2014 Order, hereby amend Plaintiff's Second Amended Complaint (Doc. # 32) to conform to this Court's February 26, 2014 Order (Doc. # 29) and Memorandum Opinion (Doc. # 28) on Defendants' respective motions to dismiss.

## COMPLAINT

## JURISDICTION AND VENUE

1.     Plaintiff QCC, Inc. d/b/a Cooper Construction, is an Alabama corporation with its principal place of business and registered office is located in

Talladega, Alabama.  Plaintiff QCC, Inc. d/b/a Cooper Construction is owned and operated by Plaintiff Joseph Cooper.

2.     **Defendant Southwest Marine and General Insurance Company** is an Arizona corporation with its principal place of business located at 8601 North Scottsdale Road, # 300, Scottsdale, Arizona, 85253.  Upon information and belief, Plaintiffs aver that Defendant Southwest Marine and General Insurance Company is not registered to do business in Alabama.  Defendant Southwest Marine and General Insurance Company is a subsidiary of Defendant Prosight Specialty Management Company, Inc.  Plaintiffs aver that Defendant Southwest Marine and General Insurance Company entered into numerous contracts in Alabama to act as the surety on several bonds on several construction projects in Alabama, creating an ongoing contractual relationship where Defendant Southwest Marine and General Insurance Company maintained consistent contact with Plaintiffs in Alabama, as well as the other parties to Plaintiffs' numerous construction contracts in Alabama, including property owners and subcontractors in this State.  Defendant Southwest Marine and General Insurance Company therefore reached out beyond Arizona and entered into an ongoing contractual relationship with Plaintiffs in Alabama.  In furtherance of this ongoing contractual relationship, Defendant Southwest Marine and General Insurance Company had numerous and repeated communications with Plaintiffs in Alabama as well as the other parties to

Plaintiffs' numerous construction contracts in this State, such that Defendant Southwest Marine and General Insurance Company had consistent and repeated additional contacts in Alabama that were incidental to their ongoing contractual relationship with Plaintiffs.

3.      **Defendant Prosight Specialty Management Company, Inc.**, is a New York corporation with its principal place of business located at 59 Maiden Lane, 27th Floor, New York, New York, 10038.  Upon information and belief, Plaintiffs aver that, at all times relevant to this litigation, Defendant Prosight Specialty Management Company, Inc., was not registered to do business in Alabama.  Defendant Prosight Specialty Management Company, Inc., filed an application to do business in Alabama with the Alabama Secretary of State's office on July 15, 2013, listing its address as 412 Mount Kemble Avenue, Suite 300C, Morristown, New Jersey 07960.  Defendant Southwest Marine and General Insurance Company is the subsidiary of Defendant Prosight Specialty Management Company, Inc.  Plaintiffs aver that Defendant Prosight Specialty Management Company, Inc., largely handled and administered Defendant Southwest Marine and General Insurance Company's Alabama surety, wherein Defendant Southwest Marine and General Insurance Company contracted to act as the surety on several bonds for construction projects in Alabama.  Defendant Prosight Specialty Management Company, Inc. was therefore assigned the contractual duties and/or

obligations of Defendant Southwest Marine and General Insurance Company.  As the assignee of Defendant Southwest Marine and General Insurance Company, and by handling and administering numerous contracts entered into in Alabama for construction to be performed in Alabama, and by thereby affecting substantial delays in construction projects being carried out in Alabama and otherwise affecting the completion and transfer of money amongst the numerous parties to these contracts—including property owners and subcontractors, all of whom were in Alabama—many of whom were engaged in the construction of said construction projects, and by making numerous and repeated communications with Plaintiffs in Alabama as well as the other parties to Plaintiffs' numerous construction contracts in this State, Defendant Prosight Specialty Management Company, Inc., reached out beyond New Jersey and acted as the assignee of a party to an ongoing contractual relationship with Plaintiffs in Alabama, affecting the parties' ability to perform under numerous contracts for construction in Alabama and maintaining consistent and repeated additional contacts in Alabama that were incidental to their actions as the assignee of a party to an ongoing contractual relationship with Plaintiffs in Alabama.

4.    **Defendant Prosight Specialty Insurance Group, Inc.**, is a New York corporation with its principal place of business located at 59 Maiden Lane, 27th Floor, New York, New York, 10038.  Upon information and belief, Plaintiffs

aver that Defendant Prosight Specialty Insurance Group, Inc., is not registered to do business in Alabama.  Defendant Prosight Specialty Insurance Group, Inc., is the sister company of Defendant Prosight Specialty Management Company, Inc. Defendant Southwest Marine and General Insurance Company is the subsidiary of Defendant Prosight Specialty Management Company, Inc.  Plaintiffs aver that Defendant Prosight Specialty Insurance Group, Inc. also largely handled and administered Defendant Southwest Marine and General Insurance Company's Alabama surety, wherein Defendant Southwest Marine and General Insurance Company contracted to act as the surety on several bonds for construction projects in Alabama.  Defendant Prosight Specialty Insurance Group, Inc. was therefore assigned the contractual duties and/or obligations of Defendant Southwest Marine and General Insurance Company.  As the assignee of Defendant Southwest Marine and General Insurance Company, and by handling and administering numerous contracts entered into in Alabama for construction to be performed in Alabama, and by thereby affecting substantial delays in construction projects being carried out in Alabama and otherwise affecting the completion and transfer of money amongst the numerous parties to these contracts—including property owners and subcontractors, all of whom were in Alabama—many of whom were engaged in the construction of said construction projects, and by making numerous and repeated communications with Plaintiffs in Alabama as well as the other parties to

Plaintiffs' numerous construction contracts in this State, Defendant Prosight Specialty Insurance Group, Inc., reached out beyond New York and acted as the assignee of a party to an ongoing contractual relationship with Plaintiffs in Alabama, affecting the parties' ability to perform under numerous contracts for construction in Alabama and maintaining consistent and repeated additional contacts in Alabama that were incidental to their actions as the assignee of a party to an ongoing contractual relationship with Plaintiffs in Alabama.

5.      **Defendant Prosight Specialty Insurance Solutions, LLC**, is a New Jersey limited liability company with its principal place of business located at 412 Mount Kemble Avenue, Suite 300C, Morristown, New Jersey 07960.   Upon information and belief, Plaintiffs aver that Defendant Prosight Specialty Insurance Solutions, LLC is not registered to do business in Alabama.  Defendant Prosight Specialty Insurance Solutions, LLC, is the sister company of Defendant Prosight Specialty Management Company, Inc.  Defendant Southwest Marine and General Insurance Company is the subsidiary of Defendant Prosight Specialty Management Company, Inc.   Plaintiffs aver that Defendant Prosight Specialty Insurance Solutions, LLC also largely handled and administered Defendant Southwest Marine and General Insurance Company's Alabama surety, wherein Defendant Southwest Marine and General Insurance Company contracted to act as the surety on several bonds for construction projects in Alabama.   Defendant Prosight

Specialty Insurance Solutions, LLC was therefore assigned the contractual duties and/or obligations of Defendant Southwest Marine and General Insurance Company.  As the assignee of Defendant Southwest Marine and General Insurance Company, and by handling and administering numerous contracts entered into in Alabama for construction to be performed in Alabama, and by thereby affecting substantial delays in construction projects being carried out in Alabama and otherwise affecting the completion and transfer of money amongst the numerous parties to these contracts—including property owners and subcontractors, all of whom were in Alabama—many of whom were engaged in the construction of said construction projects, and by making numerous and repeated communications with Plaintiffs in Alabama as well as the other parties to Plaintiffs' numerous construction contracts in this State, Defendant Prosight Specialty Insurance Solutions, LLC, reached out beyond New Jersey and acted as the assignee of a party to an ongoing contractual relationship with Plaintiffs in Alabama, affecting the parties' ability to perform under numerous contracts for construction in Alabama and maintaining consistent and repeated additional contacts in Alabama that were incidental to their actions as the assignee of a party to an ongoing contractual relationship with Plaintiffs in Alabama.

6. **Defendant National Claim Services, Inc.**, is a Georgia corporation with its principal place of business located at 1301 Hightower Trail, Suite 210,

Atlanta, Georgia, 30350.  Defendant National Claim Services, Inc., is registered to do business in Alabama.  Defendant National Claim Services, Inc.'s principal office in Alabama is located in Jefferson County at 2 Perimeter Park South, Suite 425, Birmingham, Alabama 35243.  For at least two years, from January 2010 to January 2012, Defendant National Claim Services, Inc. was employed by Defendant Southwest Marine and General Insurance Company to handle claims arising out of Defendant Southwest Marine and General Insurance Company's surety contract with Plaintiffs, maintaining consistent business contacts with Plaintiffs in Alabama, where the acts and omissions giving rise to the action occurred.  National Claim Services, Inc. was therefore assigned the contractual duties and/or obligations of Defendant Southwest Marine and General Insurance Company.  As the assignee of Defendant Southwest Marine and General Insurance Company, and by handling and administering numerous contracts entered into in Alabama for construction to be performed in Alabama, and by thereby affecting substantial delays in construction projects being carried out in Alabama and otherwise affecting the completion and transfer of money amongst the numerous parties to these contracts—including property owners and subcontractors, all of whom were in Alabama—many of whom were engaged in the construction of said construction projects, and by making numerous and repeated communications with Plaintiffs in Alabama as well as the other parties to Plaintiffs' numerous

construction contracts in this State, Defendant National Claim Services, Inc., reached out beyond Georgia and acted as the assignee of a party to an ongoing contractual relationship with Plaintiffs in Alabama, affecting the parties' ability to perform under numerous contracts for construction in Alabama and maintaining consistent and repeated additional contacts in Alabama that were incidental to their actions as the assignee of a party to an ongoing contractual relationship with Plaintiffs in Alabama.

7.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 since there is complete diversity between Plaintiffs and Defendants and the matter in controversy exceeds $75,000.

## FACTS

8.     On January 22, 2010, Plaintiff QCC, Inc., d/b/a Cooper Construction, entered into an indemnity agreement with Defendant Southwest Marine and General Insurance Company, wherein Defendant Southwest Marine and General Insurance Company agreed to act as surety on future bonds entered into by Plaintiff QCC, Inc., d/b/a Cooper Construction.

9.     On January 27, 2010, both Plaintiff QCC, Inc., d/b/a Cooper Construction, as the principal, and Defendant Southwest Marine and General Insurance Company, acting as the surety, entered into a Performance Bond and a

Payment Bond with City of Gadsden for the construction of a trolley station in Gadsden, Alabama.

10.    On April 30, 2010, both Plaintiff QCC, Inc., d/b/a Cooper Construction, as the principal, and Defendant Southwest Marine and General Insurance Company, acting as the surety, entered into a Performance Bond and a Payment Bond with the United States of America for the construction of a Jet Engine Shop for the Air National Guard in Birmingham, Alabama.

11.    On July 29, 2010, both Plaintiff QCC, Inc., d/b/a Cooper Construction, as the principal, and Defendant Southwest Marine and General Insurance Company, acting as the surety, entered into a Labor and Material Bond with the City of Hueytown for the construction of the Hueytown Senior Center in Hueytown, Alabama.

12.    On September 30, 2010, both Plaintiff QCC, Inc., d/b/a Cooper Construction, as the principal, and Defendant Southwest Marine and General Insurance Company, acting as the surety, entered into a Performance Bond and a Payment Bond with the Armory Commission of Alabama for the construction an "Improvised Explosive Device" or "IED," a military mock-up in Alexandria, Alabama.

13.    On October 7, 2010, both Plaintiff QCC, Inc., d/b/a Cooper Construction, as the principal, and Defendant Southwest Marine and General

Insurance Company, acting as the surety, entered into a Performance Bond and a Payment Bond with the Shelby County Commission, Shelby County, Alabama, for the construction of a Hangar Installation at the Shelby County Airport.

14.     On October 21, 2010, both Plaintiff QCC, Inc., d/b/a Cooper Construction, as the principal, and Defendant Southwest Marine and General Insurance Company, acting as the surety, entered into a Performance Bond and a Payment Bond with Alabama Department of Transportation for the construction of a salt brine facility in Birmingham, Alabama.  The bonds described hereinabove in Paragraphs 13-18 are hereinafter referred to as the "Bonds."

15.     In 2011, Defendant Southwest Marine and General Insurance Company received a nonpayment claim from a subcontractor on the Hueytown Senior Center project, related to Plaintiff QCC, Inc. d/b/a Cooper Construction and Defendant Southwest Marine and General Insurance Company's bonds with the City of Hueytown.  The nonpayment claim was for less than four thousand dollars ($4,000.00).   The nonpayment claim was never verified, and is disputed by Plaintiffs; Plaintiffs aver that this subcontractor was in fact fully paid.

16.     By July 28, 2011, Plaintiff QCC, Inc., d/b/a Cooper Construction had finished work on the City of Gadsden trolley station, and had fulfilled its requirements under the January 27, 2011 Performance Bond and Payment Bond referenced hereinabove in Paragraph 11.

17.     On July 28, 2011, Defendant National Claim Services, Inc. began sending out letters to the property-owners on each of Plaintiff QCC, Inc. d/b/a Cooper Construction's six construction projects, including the already-finished City of Gadsden trolley station project, directing the property-owners to make no further payments to Plaintiff QCC, Inc. d/b/a Cooper Construction.  The letters stated that National Claim Services, Inc. had been engaged by Southwest Marine and General Insurance Company to handle matters relating to the Bonds.  By that time, Defendant National Claims Services, Inc. had thus been assigned Defendant Southwest Marine and General Insurance Company's contractual duties and/or obligations pursuant to the Bonds and the January 22, 2010 indemnity agreement. In time, Defendant National Claim Services, Inc. and Defendant Southwest Marine and General Insurance Company, in fact sent letters to the property-owners of each of the six projects described above, including the City of Gadsden, who owned the property on the already-finished trolley station project.  These letters effectively shut down operations on all six of Plaintiff QCC, Inc. d/b/a Cooper Constructions' construction projects, halting work and cash flow on millions of dollars worth of construction throughout central Alabama based on one unverified claim for nonpayment involving less than four thousand dollars ($4,000.00).

18.     By stopping cash flow, Defendant National Claims Services, Inc. and Defendant Southwest Marine and General Insurance Company effectively ensured

that Plaintiff QCC, Inc., d/b/a Cooper Construction would not be able to pay other subcontractors working on the five various continuing construction projects. Consequently, litigation ensued between Plaintiff QCC, Inc., d/b/a Cooper Construction and the subcontractors.

19.   In January 2012, an individual named "Ahmad Toussaint" intervened in the handling of claims under the Bonds.

20.   Ahmad Toussaint is, and at all relevant times was, an employee of Defendant Prosight Specialty Insurance Group, Inc., working as a claims representative in Defendant Prosight Specialty Insurance Group, Inc.'s office located at 412 Mount Kemble Avenue, Suite 300C, Morristown, New Jersey 07690. Though Ahmad Toussaint works as a claims representative in Defendant Prosight Specialty Insurance Group, Inc.'s Morristown, New Jersey office, it is unclear whether Ahmad Toussaint is directly employed by Defendant Prosight Specialty Insurance Group, Inc., Defendant Prosight Specialty Management Company, Inc. or Defendant Prosight Specialty Insurance Solutions, LLC, since the three entities are so closely intertwined, apparently sharing offices in New York and New Jersey. Hereinafter, these three Defendants shall be collectively referred to as "Defendant Prosight Insurance."

21.   In January 2012, Ahmad Toussaint informed Plaintiff QCC, Inc., d/b/a Cooper Construction that Defendant National Claim Services, Inc., would no

longer handle claims pertaining to the Bonds, and directed all future correspondence related to said claims to be sent to him, Ahmad Toussaint.  Ahmad Toussaint is an employee of Defendant Prosight Insurance.  Defendant Prosight Insurance therefore took over handling claims related to bonds entered into by Defendant Southwest Marine and General Insurance Company.  By that time, Defendant Prosight Insurance had thus been assigned Defendant Southwest Marine and General Insurance Company's contractual duties and/or obligations pursuant to the Bonds and the January 22, 2010 indemnity agreement.

22.   Throughout 2012 and up through the present, Ahmad Toussaint and Defendant Prosight Insurance has been exceedingly difficult to get in touch with. Calls, messages and e-mails often go unreturned for multiple months.  Some calls, messages and emails are not returned at all.  Since the letters from Defendant National Claims Services, Inc. stopped payments from being made directly to Plaintiff QCC, Inc., d/b/a Cooper Construction, Defendant Southwest Marine and General Insurance must effectively sign off on payments before any such payments can be made.  Since Defendant Prosight Insurance has been largely unresponsive in the claim-handling process related to Defendant Southwest Marine and General Insurance Company's bonds, the litigation involving Plaintiff QCC, d/b/a Cooper Construction has mounted, the construction projects themselves have for long periods sat completely stagnant, and Plaintiff QCC, Inc., d/b/a Cooper

Construction has had to pay numerous subcontractors out of his own pocket just to make sure they got paid.

23.    The actions of Defendant Southwest Marine and General Insurance Company, Defendant National Claims Services, Inc., Defendant Prosight Specialty Insurance Group, Inc., Defendant Prosight Specialty Management Company, Inc., and Defendant Prosight Specialty Insurance Solutions, LLC, have caused Plaintiff QCC, Inc., d/b/a Cooper Construction, to be unable to finish construction projects in a timely manner.  Additionally, to say that Plaintiff QCC, Inc., d/b/a Cooper Construction's ability to ensure that subcontractors are paid has been strained would be a gross understatement.  Defendant Southwest Marine and General Insurance Company, Defendant National Claims Services, Inc., Defendant Prosight Specialty Insurance Group, Inc., Defendant Prosight Specialty Management Company, Inc., and Defendant Prosight Specialty Insurance Solutions, LLC's actions have made it exceedingly difficult for Plaintiff QCC, Inc., d/b/a Cooper Construction to complete construction projects in a timely manner or ensure that subcontractors are properly paid.

24.    Joseph Cooper is the sole owner of Plaintiff QCC, Inc., d/b/a Cooper Construction.  Plaintiff QCC Inc., d/b/a Cooper Construction's inability to timely complete projects or ensure that subcontractors are properly paid has caused Joseph Cooper's standing in the construction business has been harmed, severely

damaging the good will of Plaintiff QCC, Inc., d/b/a Cooper Construction.  As a result of Defendant Southwest Marine and General Insurance Company, Defendant National Claims Services, Inc., Defendant Prosight Specialty Insurance Group, Inc., Defendant Prosight Specialty Management Company, Inc., and Defendant Prosight Specialty Insurance Solutions, LLC's actions, at least one newspaper article was published noting Plaintiff QCC, Inc., d/b/a Cooper Construction's inability to complete a construction project on time.  Further, as a result of Defendant Southwest Marine and General Insurance Company, Defendant National Claims Services, Inc., Defendant Prosight Specialty Insurance Group, Inc., Defendant Prosight Specialty Management Company, Inc., and Defendant Prosight Specialty Insurance Solutions, LLC's actions, Joseph Cooper and Plaintiff QCC, Inc., d/b/a Cooper Construction's relationships with the subcontractors with whom they usually do business have been significantly damaged.  Joseph Cooper has had to pool his own personal resources and pay subcontractors out of his own pocket just to hold up Plaintiff QCC, Inc., d/b/a Cooper Construction's own end of the construction contracts at issue.  Plaintiff QCC, Inc., d/b/a Cooper Construction has additionally had to lay off several trusted and respected employees because of its inability to pay them as a result of Defendants' needless and thoughtless actions.

## COUNT I
## BREACH OF CONTRACT

25.     Plaintiffs adopt and incorporate Paragraphs 1-24 herein as if set forth entirely in this Count.

26.     By sending letters halting payment from property-owners on six different construction projects, one of which was already finished, based on nothing more than an unverified nonpayment claim involving less than four thousand dollars, Defendant Southwest Marine and General Insurance Company, and their assignee Defendant National Claims Services, Inc. breached their bond and surety agreements with Plaintiff QCC, Inc., d/b/a Cooper Construction, proximately and foreseeably causing Plaintiff QCC, Inc., d/b/a Cooper Construction damages.

27.     By assuming authority to handle claims arising out of the bond and surety agreements between Defendant Southwest Marine and General Insurance Company and Plaintiffs, and thereafter failing to adequately or appropriately handle or, in some instances, even address such claims, Defendant Prosight Insurance, acting as the assignee of Defendant Southwest Marine and General Insurance Company, breached the bond and surety agreements with Plaintiff QCC, Inc., d/b/a Cooper Construction, proximately and foreseeably causing Plaintiff QCC, Inc., d/b/a Cooper Construction damages, including but not limited to additional construction expenses, expenses for delayed payments, loss of profits, and loss of investments.

WHEREFORE, PREMISES CONSIDERED, Plaintiff QCC, Inc., d/b/a Cooper Construction demands judgment against Defendant Southwest Marine and General Insurance Company, Defendant National Claims Services, Inc., Defendant Prosight Specialty Insurance Group, Inc., Defendant Prosight Specialty Management Company, Inc., and Defendant Prosight Specialty Insurance Solutions, LLC, in an amount of compensatory damages to be determined by a jury in excess of the jurisdictional minimum of this Court, together with interest from the date of injury, and the costs of this proceeding.

## COUNT II
## NEGLIGENCE

28.     Plaintiffs adopt and incorporate Paragraphs 1-27 herein as if set forth entirely in this Count.

29.     By sending letters halting payment from property-owners on six different construction projects, one of which was already finished, based on nothing more than an unverified nonpayment claim involving less than four thousand dollars, Defendant National Claim Services, Inc. negligently breached its duty to Plaintiff QCC, Inc., d/b/a Cooper Construction, proximately and foreseeably causing Plaintiff extensive damage.

WHEREFORE, PREMISES CONSIDERED, Plaintiff QCC, Inc., d/b/a Cooper Construction demands judgment against Defendant National Claims Services, Inc. in an amount of compensatory damages to be determined by a jury in

excess of the jurisdictional minimum of this Court, together with interest from the date of injury, and the costs of this proceeding.

## COUNT III
## WANTONNESS

30.     Plaintiffs adopt and incorporate Paragraphs 1-29 herein as if set forth entirely in this Count.

31.     By sending letters halting payment from property-owners on six different construction projects, one of which was already finished, based on nothing more than an unverified nonpayment claim involving less than four thousand dollars, Defendant National Claim Services, Inc. acted with a conscious or reckless disregard of the rights of Plaintiff QCC, Inc., d/b/a Cooper Construction, proximately and foreseeably causing Plaintiff extensive damage.

WHEREFORE, PREMISES CONSIDERED, Plaintiff QCC, Inc., d/b/a Cooper Construction demands judgment against Defendant National Claims Services, Inc. in an amount of compensatory and punitive damages to be determined by a jury in excess of the jurisdictional minimum of this Court, together with interest from the date of injury, and the costs of this proceeding.

Respectfully submitted this 28th day of March, 2014.

*/s/ Lloyd W. Gathings*
Lloyd W. Gathings (GAT001)
William A. Lattimore (LAT023)
Attorneys for Plaintiffs

**<u>OF COUNSEL:</u>**
Gathings Law
2204 Lakeshore Drive, Suite 406
Birmingham, AL 35209
Telephone: 205.322.1201
Facsimile: 205.322.1202
lgathings@gathinglsaw.com
wlattimore@gathingslaw.com

**PLAINTIFFS' DEMAND TRIAL BY STUCK JURY**

## CERTIFICATE OF SERVICE

I hereby certify that On March 28, 2014, I served a copy of the foregoing on the following counsel of record listed below either electronically through the cm/ecf filing system, or by placing same in the U.S. Mail, properly addressed and postage prepaid.

Carol Ann Smith, Esquire
A. Mark Bahakel
SMITH& PACE, P.C.
2000A SouthBridge Parkway
Suite 405
Birmingham, AL 35209

Tommy Ritter
TAYLOR RITTER, P. C.
300 Richard Arrington Jr., Blvd. North
600 Title Building
Birmingham, Alabama 35203

National Claims Services, Inc.
C/O Bill Hattings, VP Surety Claims
Northridge Center 1
365 Northridge Road
Suite 400
Atlanta, GA 30350

Eric J. Hughes
Scott M. Palatucci
MCELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962

*/s/ Lloyd W. Gathings*
OF COUNSEL

21